IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 24-cv-03145-REB

R.L,

    Plaintiff,

v.

FRANK BISIGNANO,[1] Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed November 13, 2024, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*[3] I have jurisdiction to review the Acting Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

---

[1] On May 6, 2025, the Senate confirmed Frank Bisignano as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek, former Acting Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[3] Although the parties consented to have the matter referred to and determined by a United States magistrate judge (*see* [#9], filed December 5, 2024), I exercise my discretion under **D.C.COLO.LAPR** 72.2(d) to decline to enter an order of reference under 28 U.S.C. § 636(c).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of multiple impairments, including severe obesity, residual effects of skin grafts to both feet and of a left foot fracture, hypertension, and diabetes.  After his applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge.  A hearing was held on January 26, 2024.  At the time of these hearings, plaintiff was 49 years old.  He has a limited education and past relevant work experience as a boiler operator, maintenance mechanic, operating engineer, and tractor mechanic.  The ALJ considered whether plaintiff was disabled between his alleged date of onset, September 17, 2017, and December 31, 2023, his date last insured.[4]

The ALJ found plaintiff not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments – not implicated in this appeal – were found to be non-severe.  The ALJ found plaintiff had the residual functional capacity to perform a light work with decreased exertional abilities and postural and environmental limitations.  Most relevantly for present purposes, the ALJ found plaintiff required "use [of] a cane to travel to and from the workstation."  (Tr. 22.)  Although this conclusion precluded

---

[4] Although the ALJ found plaintiff engaged in substantial gainful activity through January 7, 2018 (Tr. 19) he nevertheless considered plaintiff's alleged impairments from his original alleged date of onset (Tr. 20).

2

plaintiff's past relevant work, the ALJ found there were other jobs existing in substantial numbers in the national and local economies he could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

    1.    The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.
    2.    The ALJ must then determine whether the claimed

       impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.       The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.       If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5.       If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

     Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

### III.  LEGAL ANALYSIS

In a single point of appeal, plaintiff asserts the ALJ committed reversible error by failing to resolve a purported conflict between the opinion of the consultative examiner, which the ALJ found persuasive, and his residual functional capacity assessment. Finding no such error, I affirm.

As is relevant here, plaintiff under went a consultative examination with Dr. Johnny Nguyen on July 11, 2023.  (Tr. 538-544.)  Dr. Nguyen noted plaintiff "[a]rose spontaneously and unaided from a seated position without focal guarding[,] [d]id not appear distinctly uncomfortable getting on and off the examination table[,] and mobilized unaided throughout the exam with adequate effort[.]"  Plaintiff reported he used a walker at home, but had not brought any assistive device with him.  Dr. Nguyen described plaintiff's gait as "normal and symmetric without distinct ataxic[] . . . phases"[5] but

---

[5]  "Ataxic gait" refers to an "unsteady, uncoordinated walk, with a wide base and the feet thrown out, coming down first on the heel and then on the toes with a double tap."  The Free Dictionary, Medical Dictionary, *ataxic gait* (available at:  https://medical-dictionary.thefreedictionary.com/ataxic+gait) (last

severely to moderately antalgic[6] gait on the left side and severely antalgic with heel and toe walking on the left foot.  (Tr. 539-540.)  A recent x-ray showed an incompletely healed fracture of the left fibula.[7]  Dr. Nguyen opined plaintiff could stand up to two hours and walk up to one hour in an eight-hour workday and suggested additional lifting, postural, and environmental limitations.  (Tr. 542-543.)  Most importantly for purposes of this appeal, the doctor recommended, without further elaboration, that plaintiff use a "cane continuously for all."  (Tr. 543.)

The ALJ found this opinion persuasive, stating Dr. Nguyen's "opined limitations are well supported and consistent with the longitudinal medical evidence from all sources[.]"  (Tr. 26.)  He found plaintiff had the residual functional capacity for a limited range of light work, which included the need to use a cane to travel to and from the workstation.  (Tr. 22.)  Plaintiff perceives this finding as inconsistent with Dr. Nguyen's suggestion that plaintiff required a cane "continuously for all" and argues the ALJ's failure to explain the conflict constitutes reversible error.

The ALJ's opinion is a model of careful and cogent analysis of the medical record and the applicable regulations.  I am not persuaded that he erred in this, or any other, regard.  Plaintiff's hypertechical argument demands a degree of perfection that is not

---

accessed: May 29, 2025).)

[6] "An antalgic gait is a disruption in a person's walking pattern that's usually caused by pain.  In an antalgic gait, the phase when you stand is shorter than when you swing the other leg forward to take the next step.  This causes you to walk unevenly."  (Scott Frothingham, healthline, *Antalgic Gait: Causes, Symptoms, and Treatment* (Dec. 10, 2021) (available at:  https://www.healthline.com/health/antalgic-gait) (last accessed: May 29, 2025).)  In simpler terms, atalgic gait refers to a limp.  (**See** Cheryl Whitten, WedMB, *What Is an Antalgic Gait?* ("An antalgic gait occurs when you walk with a limp because of pain.") (available at: ) (last accessed: May 29, 2025).)

[7] Plaintiff suffered a severe burn to his right foot in October 2017 when he stepped in a puddle of chemicals at work.  (Tr. 413.)  He injured his left foot in a motor vehicle accident in 2022.  (Tr. 494.)

required.  See **Chismarich v. Berryhill**, 888 F.3d 978, 980 (8th Cir. 2018) (given court's limited, deferential review on appeal, court "must strive to harmonize statements where possible . . . [and] may neither pick nits nor accept an appellant's invitation to rely upon perceived inconsistencies"); **C. L. P. v. Commissioner**, 2023 WL 2644080 at *5 (D. Colo. March 27, 2023) (citing **Chismarich** and affirming; medical source's statements were not "obviously inconsistent" with ALJ's decision).  At best, the failure to address any negligible difference between Dr. Nguyen's opinion and the ALJ's residual functional capacity determination is plainly harmless.  See **Williams v. Chater**, 1995 WL 490280 at *2 (10th Cir. 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."); **Lumpkin v. Colvin**, 112 F.Supp.3d 1169, 1174 (D. Colo. 2015) ("[W]here [the] ALJ's opinion is otherwise amply supported by the record, error which does not prejudice [the] claimant will not warrant remand."). **See also Doyal v. Barnhart**, 331 F.3d 758, 761 (10th Cir. 2003) ("[T]he form of words should not obscure the substance of what the ALJ actually did.").

Whatever "continuously for all" might mean, plaintiff points to no evidence in the record suggesting he required a cane continuously.  Indeed, he testified at the hearing that he had only begun using a cane in April 2023 (Tr. 46-47), just a few months before he saw Dr. Nguyen.  Nevertheless, while plaintiff told Dr. Nguyen he used a walker around the house, he did not bring any assistive device to the exam and, despite his limp, mobilized unaided throughout the exam with adequate effort.  (Tr. 540.)

Undaunted, plaintiff suggests the use of the term "continuously" "affirmatively

7

implies" he requires a cane for standing and balancing.[8]  Yet he points to no evidence which might support this argument, and the record suggests otherwise.  That plaintiff was able to get on and off the examination table without obvious discomfort plainly suggests he does not require assistance to balance or to arise from sitting to standing (Tr. 539-540), and Dr. Nguyen did not impose any limitations on plaintiff's ability to balance in isolation (*see* Tr. 542-543).

Moreover, the vocational expert expressly clarified at the hearing that the limitations suggested by the ALJ's various hypotheticals involved use of a cane "when performing" the alternative jobs identified as within plaintiff's residual functional capacity. (Tr. 63.)  That understanding supports the conclusion that the vocational expert identified jobs in which the use of a cane for any and all aspects of the job was not disqualifying.  Supporting this conclusion, I noted the vocational expert explicitly excluded from consideration any seated jobs requiring occasional balancing (*see* Tr. 62) or seated production work that might require standing to lift objects using both upper extremities (Tr. 64).

Finally, and to the extent there was any ambiguity in this respect, plaintiff's counsel declined the opportunity to clarify the issue or ask any further questions of the vocational expert.  Although administrative hearings before the ALJ are non-adversarial in nature, *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997), "when the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be

---

[8]  It seems obvious to observe – and plaintiff does not argue – that a cane generally is required to sit.  To the extent this might be a limitation for someone, there is nothing in the record to suggest it was for plaintiff, as Dr. Nguyen noted no obvious discomfort while plaintiff was seated (Tr. 539) and imposed no restrictions on plaintiff's ability to sit (Tr. 542).

entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored," **Cowan v. Astrue**, 552 F.3d 1182, 1188 (10th Cir. 2008) (citation and internal quotation marks omitted).  Plaintiff's counsel's failure to further refine this issue at the hearing indicates further that he did not perceive an ambiguity in this regard, and counsels against remand.  **See Glass v. Shalala**, 43 F.3d 1392, 1394-96 (10th Cir. 1994).

## IV.  CONCLUSION

For these reasons, I find no reversible error in the ALJ's determination.  The conclusion of the Commissioner accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated June 2, 2025, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge